The principal contention made by the defendant is to alleged error of the Court in the submission of issues to the jury. The defendant tendered the following issue: "Is the plaintiff the owner and entitled to the possession of the narrow strip of land described in the third paragraph of his complaint?" The Court refused to submit such issue and submitted the following: 1. Which is the true line dividing plaintiff's and defendant's lands from the cypress at A and B, as indicated on the map? Ans: The middle line. 2. Is (83) the plaintiff the owner and entitled to the possession of any *Page 86 
lands on the west side of the true line? Ans.: Yes; plaintiff owns all land on the west side of the true line.
The defendant contends that the issues submitted by his Honor are not responsive to the allegations contained in the pleadings and are not sufficient to justify a judgment for the plaintiff. For this position defendant relies upon the case of Tucker v. Satterthwaite, 120 N.C. 118. It is well settled that it is the duty of the trial Judge to submit such issues as are necessary to settle the material controversies arising upon the pleadings, and that, in the absence of such issues or equivalentadmissions of record sufficient to reasonably justify a judgment rendered thereon, this Court will order a new trial. The pleadings in the case at bar are quite different from those in the case cited. In this case the answer of the defendant is not simply a denial of the plaintiff's title and right to possession of the land in controversy, but it undertakes to set out in a measure the title to the land and to specify and particularize the controversy between plaintiff and the defendant.
In the first allegation of the answer the defendant admits that the plaintiff is the owner and entitled to the possession of most of the lands described in the complaint, but he denies that the plaintiff is the owner or entitled to the possession of that part of the land which is described in the third allegation of the complaint if it shall be found that the boundaries set out in the first allegation cover the said strip of lands so described in the third allegation. The defendant further says that more than thirty years ago there was a well-established line owned and recognized by the owners of the lands belonging to the plaintiff and thedefendant, which was well marked and defined and which formed the boundary-line between the lands described in the plaintiff's complaint and the adjoining land now owned by the defendant. The (84) answer further alleges that the defendant and those under whom he claims held and worked up to this boundary-line, and that the defendant and those under whom he claims have had possession up to such well-recognized boundary-line, and that they have held up to and recognized the said boundary-line and had possession of the said strip of land, which the defendant claims is on his side of the line, for more than twenty years, etc. It will be observed that the defendant claims nothing, either by way of title or possession, beyond the boundary-line, which he claims was established and recognized by the owners of the lands on both sides more than thirty years ago.
We think that under the pleadings in this case, the sole controversy relates to the allegation of a boundary-line between the lands of the plaintiff and the defendant, the plaintiff claiming on the west side and *Page 87 
of that line and the defendant on the east side of it. The form of the first issue is directly responsive to the allegations of the complaint and the answer and, taken in connection with the admission set out in the pleadings, was amply sufficient to justify the judgment of the Court.
It is contended that the plaintiff has failed to show title out of the State. This was unnecessary, because the answer admits that the plaintiff owns all the lands on one side of the well-established boundaryline and the defendant all on the other side. This admission rendered it unnecessary to prove title out of the State to any of the lands, and made it only necessary to determine the exact location of this boundary-line, which the jury has located according to the contention of the plaintiff. Nevertheless, under the second issue, his Honor did submit to the jury with appropriate instructions the various phases of the case as presented by the evidence relating to adverse possession of the strip of land in controversy, which issue was also found for the plaintiff. But in the view we take of it this was unnecessary, because, under the admissions contained in the answer (85) the controversy between the parties was determined when the jury located the true line between the lands of these adjoining owners; and this finding, coupled with the admissions in the pleadings, is sufficient to sustain the judgment. However, we have examined the evidence, the charge of the Court and the exceptions relating to the second issue, and we find that under that issue the question of adverse possession, etc., was fully submitted to the jury with proper instructions, and we think the exceptions are without merit.
No Error.
Cited: Eames v. Armstrong, 142 N.C. 514; Elks v. Hemby, 160 N.C. 23.